IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JESSE JEFFERSON FLOURNOY, III | § | |
| VS. | § | CIVIL ACTION NO. 5:20cv176 |
| S. SALMONSON | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Jesse Jefferson Flournoy, III, formerly an inmate confined within the Bureau of Prisons ("BOP"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Petitioner seeks time credits he contends he is entitled to under the First Step Act of 2018. 18 U.S.C. § 3632(d)(4)(A). The respondent has filed a motion (doc. no. 13) asking that the petition be dismissed as moot because petitioner has received his time credits and has been released from prison. Attached to the motion is a declaration from Robert Clark, the Supervisory Attorney for the Consolidated Legal Center at the BOP's Transfer Center in Oklahoma City, Oklahoma. Mr. Clark states that on January 13, 2022, the BOP began to implement the time credit program provided for under the First Step Act. He further states that as a result of the time credits he received, petitioner was released on January 13, 2022.

Under the United States Constitution, federal courts cannot issue advisory opinions nor "decide questions that cannot affect the rights of litigants in the case before them." *John Doe # 1 v. Veneman*, 380 F.3d 807, 814 (5th Cir. 2004). "The exercise of judicial power under Article III of the United States Constitution depends upon the existence of a case or controversy. Without an actual case or controversy, a federal court has no jurisdiction." *Id*. Further, an actual case or controversy must exist at all stages of the litigation, not merely at the time the complaint is filed. *Id*. If a controversy that once existed no longer exists, a claim based on that controversy is moot. *Id*.

As set forth above, petitioner has received his time credits and been released from prison. His petition is therefore moot because he has received the relief sought and the petition no longer presents an actual case or controversy. As the petition is moot, the federal court in which the habeas petition was filed no longer has jurisdiction over the matter. *See John Doe # 1*, 380 F.3d 814. The respondent's motion to dismiss should therefore be granted and the petition dismissed as moot.

## Recommendation

The respondent's motion should be granted and this petition for writ of habeas corpus should be dismissed without prejudice as moot.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to file objections bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to

factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this 28th day of March, 2022.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE